FILED'06 MAY 24 11:49 USDC-ORP

# Walter G. Gauthier v. Eastern Oregon Correctional Institution

Civil No. 04-290 SU

JURY INSTRUCTIONS

May 24, 2006

Members of the jury, you have heard all the evidence in this case and it is now your duty to decide the facts and reach your decision.

I will tell you the law that you must follow in reaching your decision. Although you may think the law is, or should be different, you are bound by your oath to apply the law that I give to you.

Your decision must be based solely on the evidence. Do not allow bias, prejudice, or sympathy to influence you.

You should consider this case as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law, and are to be dealt with as equals in a court of justice.

The evidence consists of the testimony of the witnesses, the exhibits you will have in the jury room, and any facts to which both parties have stipulated.

The comments, questions, and objections of the attorneys are not evidence. If your recollection of the evidence differs from that of the attorneys, rely on your own memory.

Testimony that was excluded or stricken, or that I have instructed you to disregard, is not evidence.

Anything you may have seen or heard when court was not in session is not evidence. You must decide the case solely on the evidence received at trial.

1    Evidence may be direct or circumstantial.  Direct evidence is direct proof of
2 a fact, such as testimony by a witness about what the witness personally saw or
3 heard or did.  Circumstantial evidence is proof of one or more facts from which
4 you could find another fact.  For instance, deer tracks in fresh snow may be
5 evidence that a deer has recently passed by, even though no one saw the deer.
6 You should consider both kinds of evidence.  The law makes no distinction
7 between the weight to be given to either direct or circumstantial evidence.  It is for
8 you to decide how much weight to give to any evidence.
9    You are permitted to draw inferences from the facts that you have found to
10 have been proved.  Inferences are deductions or conclusions that reason and
11 common sense lead you to draw from the facts established by the evidence in the
12 case.
13    You are the judges of whether the witnesses were telling the truth when
14 they testified.  You must presume that each witness told the truth, but you are
15 free to decide otherwise based on the manner in which the witness testified, the
16 motive or bias of the witness, or if there was other different evidence which you
17 believe.  If you find that a witness intentionally lied in one part of his or her
18 testimony, you are free to disregard anything else that witness said.  You are the
19 judges of how much weight a witness's testimony deserves.  In considering
20 testimony you are permitted to form reasonable conclusions by using your good
21 common sense.
22    You should not decide a fact merely by counting the number of witnesses
23 or exhibits.  The testimony of one witness whom you believe is enough to prove
24 any fact in dispute.
25    You have heard testimony from persons who, because of education or
26 experience, are permitted to state opinions and the reasons for those opinions.
27 Opinion testimony should be judged just like any other testimony.  You may
28 accept it or reject it, and give it as much weight as you think it deserves,

considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Certain charts and summaries that have not been received into evidence have been shown to you to help explain other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

In a moment, I will instruct you on the law that governs the claim in this case, and I will tell you that a party has the burden of proving certain matters by a preponderance of the evidence. The term "preponderance of the evidence" means the greater weight of evidence. It is such evidence that when weighed with that opposed to it, has more convincing force and is more probably true and accurate. If, upon any question in the case, the evidence appears to be equally balanced, or if you cannot say upon which side it weighs more heavily, you must resolve that question against the party upon whom the burden of proof rests. You should base your decision on all of the evidence, regardless of which party presented it.

### Plaintiff's Claim

I will now instruct you on the law governing the particular claim in this case. The plaintiff is Walter G. Gauthier. The defendant is the Eastern Oregon Correctional Institution. Plaintiff asserts a claim for disability discrimination in violation of the federal Rehabilitation Act. Plaintiff contends that defendant terminated his employment as a corrections officer solely by reason of defendant's false perception that plaintiff suffered from a physical or mental disability commonly associated with old age.

You have heard evidence regarding plaintiff's age. However, you should keep in mind that this is not an age discrimination case.

Defendant denies plaintiff's contention and alleges that it discharged

1  plaintiff for legitimate, non-discriminatory reasons.  Plaintiff has the burden of
2  proving his contentions by a preponderance of the evidence.
3      To establish his claim of disability discrimination under the Rehabilitation
4  Act, plaintiff must prove by a preponderance of the evidence that (1) he has a
5  disability as defined by the law; (2) he was a qualified individual; and
6  (3) defendant terminated plaintiff's employment solely by reason of his disability.
7      **(1) Disability**
8      It is undisputed that plaintiff did not suffer from an actual disability when he
9  was terminated by defendant.  However, the Rehabilitation Act prohibits
10 discrimination not only against individuals with actual disabilities, but also against
11 individuals who are mistakenly regarded as suffering from a disability. It violates
12 the Rehabilitation Act as much for a person to be "regarded as" having a
13 disability, as actually to have one. This is because people should not be rejected
14 on account of myths or stereotypes.
15     Here, to establish the disability element of his claim, plaintiff must show by
16 a preponderance of the evidence that defendant falsely regarded him as suffering
17 from physical or mental impairments commonly associated with old age.  Plaintiff
18 then must show that if he actually did suffer from that impairment or impairments,
19 he would be substantially limited in the major life activity of working.  A limitation
20 is substantial if the person is unable to perform the activity or is significantly
21 restricted in doing so.
22     A person is substantially limited in the major life activity of working if the
23 person is precluded from being able to perform a broad class of jobs.  The
24 inability to perform a single, particular job is not by itself a substantial limitation in
25 the major life activity of working.
26     **(2) Qualified Individual**
27     To satisfy the second element of plaintiff's claim, plaintiff must show that he
28 was a qualified individual.  A qualified individual is one who is able to perform the

4 - <u>Walter G. Gauthier v. Eastern Oregon Correctional Institution</u> - Jury Instructions

essential duties of the job that the individual holds or seeks.  The individual must satisfy the requisite skill, experience, education, and other job-related requirements of the position.

**(3) Causation**

The third element of plaintiff's claim is causation.  To establish causation, plaintiff must show by a preponderance of the evidence that defendant discharged plaintiff solely by reason of defendant's false perception that plaintiff was disabled. An employer is liable for the discriminatory actions of its employees.  Here, defendant is liable if the discriminatory actions of one or more of its employees resulted in plaintiff's termination solely by reason of disability.

Federal regulations require that state and local governments preserve personnel and employment records for two years from the date of the making of the record or the personnel action involved, whichever is later.

When a charge of discrimination is made, all personnel records relevant to the charge or action must be preserved until final disposition of the charge or action.  Relevant personnel records include personnel or employment records relating to the person claiming discrimination, as well as records relating to all other employees holding positions similar to that held or sought by the person claiming discrimination.

Here, Daily Observation Reports and End of Phase Evaluations for other trial service employees at the Eastern Oregon Correctional Institution are missing, in violation of these federal regulations.

You should presume that the missing records of other trial service employees would have supported plaintiff's case.  Defendant may reverse this presumption if defendant shows by a preponderance of the evidence that the missing records were not adverse to defendant's case.

**Damages**

5 - <u>Walter G. Gauthier v. Eastern Oregon Correctional Institution</u> - Jury Instructions

1     If you find for plaintiff on his claim, you must then decide the amount of damages that plaintiff is entitled to recover from defendant. In instructing you on damages, I do not mean to suggest which party your verdict should be for.

     Plaintiff has the burden of proving the amount of his damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate plaintiff for any injury which you find was caused by defendant. You should consider the loss of enjoyment of life experienced by plaintiff and which with reasonable probability will be experienced in the future, and the mental, physical, emotional pain and suffering experienced by plaintiff, and which with reasonable probability will be experienced in the future. As I have previously instructed you, you will determine the amount of non-economic damages that I have just described. The Court will decide on the amount of economic damages incurred by plaintiff, if any, such as lost wages and other actual costs.

## Deliberations

Your decision must be based on the considered judgment of each of you. All of you must agree with the decision.

You must talk with one another with the idea of reaching an agreement, if you can do so based on your own judgment. You must each decide the case for yourself. Do not reach a decision until you have impartially considered the evidence in the case with your fellow jurors. Do not hesitate to re-examine your views or change your mind if you become convinced you are wrong, but do not change your mind about the effect or credibility of the evidence solely because your fellow jurors disagree with you, or because you want to reach a unanimous decision.

When you go to the jury room, select a presiding juror. The presiding juror shall preside over the deliberations, but has no greater voice than any other juror.

A verdict form has been prepared for your use. This form will be with you

1  in the jury room and, when you have reached a unanimous agreement on your
2  verdict, the presiding juror should fill in, date, and sign the form to state the
3  verdict upon which you unanimously agree. You will then notify the bailiff that you
4  have reached a verdict.
5       In the unlikely event that you must communicate with the court during your
6  deliberations, you may give a note to the bailiff, signed by your presiding juror or
7  by one or more members of the jury. No member of the jury should attempt to
8  communicate with the court by other than by a signed writing. The court will not
9  communicate with any member of the jury about the merits of the case other than
10 in writing, or orally here in open court.
11      If you send out a question, I will consult with the parties before answering
12 it, which may take some time. You may continue your deliberations while waiting
13 for the answer to a question.
14      You will note from the oath about to be taken by the bailiff that the bailiff, as
15 well as all other persons, is forbidden to communicate in any way with any
16 member of the jury on any subject touching the merits of the case.
17      You should never reveal to any person--not even to the court--how the jury
18 stands numerically or otherwise, on the questions before you, until after you have
19 reached a unanimous verdict.